UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES MAGISTRATE JUDGE

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 JAN 29 PM

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

CLERK'S OFFICE
AT BALTIMORE

_____ DEPUTY

January 29, 2003

Re:  *Langley et al. v. United Parcel Service, et al.*, MJG 02-CV-1506

Dear Counsel:

On November 22, 2002, during a telephone conference with the parties, I partially granted and partially denied Defendant Robert Mitchell's motion to strike Plaintiffs' motion to modify the scheduling Order and motion to compel discovery and for sanctions against the plaintiffs. (Papers No. 14 & 16). Pursuant to Fed. R. Civ. P. 37(a), at the close of the hearing, I directed Mr. Ware, counsel for defendant Mitchell, to prepare an itemized statement of costs and attorneys fees incurred in filing the motions. On January 3, 2003, I received Mr. Ware's itemized statement. Pursuant to my directions at the hearing, counsel for the Plaintiffs had five days to respond to Mr. Ware's statement. This deadline now has expired, and I have not received any response from the Plaintiffs.

From my review of Mr. Ware's itemized statement, I find that the Defendant did make a sufficient good faith effort to obtain the requested discovery before filing the motion to compel.[1] Rule 37(a)(4)(A). Further, I find that the plaintiffs' admittedly noncompliant responses or complete lack thereof were not substantially justified, and it would not be unjust to award reasonable expenses to the defendant. I do find, however, defendant's request for 12.00 hours of attorney fees at a rate of $275.00 per hour excessive as to the time spent. Both motions essentially involved the same issue: incomplete discovery responses by Plaintiffs. Therefore, I will award six hours at a rate of $275.00 per hour. Accordingly, Plaintiffs are directed to pay Defendant Mitchell $1,650.00 within **thirty** days of this Order.

---

[1] Fed. R. Civ. P. 37(a)(4)(A) sets out three conditions that must be met before attorneys fees may be awarded in cases where a motion to compel has been granted: (1) the party seeking expenses must have made a good faith effort to obtain the disclosure or discovery without court action; (2) the opposing party's evasive or incomplete disclosure was not substantially justified, and (3) no other circumstances exist that would make the award unjust. This should be compared with Fed. R. Civ. P. 37(a)(4)(C), which governs the award of expenses in a case where the motion to compel disclosure is partially granted and partially denied. The only requirement in awarding expenses under this Rule is that, after giving the parties an opportunity to be heard, the court must award expenses in "just manner." As discussed, Defendant Mitchell meets the more stringent standard espoused in Rule 37(a)(4)(A), thereby allowing me to conclude readily that the award given here was done so in a "just manner."

     Defendant Mitchell's letter submission, dated December 30, 2002, and containing the itemization of expenses, shall be filed with this ruling. Although informal in nature, this is an Order of the Court and should be docketed.

Sincerely,

Paul W. Grimm
United States Magistrate Judge

cc: Honorable Marvin J. Garbis
    Court clerk