IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND,
SOUTHERN DIVISION

| | |
|---|---|
| ROCHELLE A. LANGLEY *et al.*,<br><br>  Plaintiffs<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., *et al.*<br><br>  Defendants | Case No. MJG 02-CV-1506 |

**MEMORANDUM IN SUPPORT OF BILL OF COSTS**

Defendant, United Parcel Service, Inc. ("UPS"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1920 and Local Rule 109, respectfully requests that costs in the amount of $2,310.23 be taxed against Plaintiffs Rochelle Langley and Todd Langley ("Plaintiffs"). UPS respectfully submits this Memorandum in Support of its Bill of Costs.

I.   **UPS Is A Prevailing Party Entitled To Costs.**

UPS prevailed in the present case when this Court granted UPS summary judgment on Plaintiffs' claims under Title VII of the Civil Rights Act of 1964, as amended, and for loss of consortium. (Order of United Stated District Judge Garbis dated May 20, 2003). Plaintiffs' claims against UPS were dismissed with prejudice "with all assessable costs." (*Id.*)

As the prevailing party, UPS is entitled to recover from Plaintiffs its costs under Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920 and Local Rule 109. Accordingly, UPS requests that the Clerk of the Court tax the following as costs: (1) transcript and court reporter fees for depositions and a hearing; (2) photocopying expenses for documents copied and

provided to the Court or opposing counsel pursuant to court rule or order; and (3) witness fee for appearance at deposition.[1] The costs to UPS of these items are as follows:

| | |
|---|---|
| Fees of the court reporter for the stenographic transcripts necessarily obtained for use in this case. | $2,142.50 |
| Disbursements for exemplification and copying of papers and preparation of exhibits necessarily obtained for use in this case. | $112.40 |
| Witness fees for appearance at deposition. | $55.33 |
| **TOTAL** | **$2,310.23** |

## II. UPS Is Entitled To The Fees For The Court Reporter For The Stenographic Transcripts Necessarily Obtained For Use In This Case.

Pursuant to 28 U.S.C. § 1920(2), UPS is entitled to be reimbursed for the fees of the court reporter incident to the taking of depositions by UPS in this case, the costs of copies of transcripts from depositions noted by Defendant, and the costs of the hearing transcript. *See, e.g., Thomas v. Treasury Management Ass'n, Inc.*, 158 F.R.D. 364, 372 (D. Md. 1994). Deposition costs are recoverable under 28 U.S.C. § 1920(2) when "taking the deposition was reasonably necessary to the party's case in light of the particular situation existing at the time of taking." *Charter Medical Corp. v. Cardin*, 127 F.R.D. 111, 113-14 (D. Md. 1989). It is not necessary that the deposition be introduced or otherwise used at trial. *See id.* The fact that a court disposes of a case at the summary judgment stage does not preclude the award of deposition costs. *Jeffries v. Georgia Residential Finance Authority*, 90 F.R.D. 62, 64 (N.D. Ga. 1981), *aff'd*, 678 F.2d 919 (11th Cir. 1982). The costs incurred by UPS for the stenographic

---

[1] Section 1920 of Title 28 of the United States Code provides that "[a] judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C. § 1920.

transcripts necessarily obtained for use in this case are itemized in Section I of UPS's Itemization of Costs, and should be taxed against Plaintiffs.

### A.      Depositions Noticed By UPS

Costs of deposition transcripts are properly taxable where the deposition was necessary to the preparation of the prevailing party's case. The test is whether "the taking of a deposition is reasonably necessary at the time of its taking." *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987). This includes the costs of transcripts of party depositions and those used and attached to a successful motion for summary judgment. *See Jeffries*, 90 F.R.D. at 64; *see also Taxation of Costs in a Civil Case in the United States District Court for the District of Maryland* § II.C.4.b (hereinafter "*Taxation of Costs*"). All of the depositions for which transcript fees are sought were reasonably necessary at the time of their taking and thereafter. Specifically, UPS noticed and took (1) the deposition of Plaintiff Rochelle A. Langley, (2) the deposition of Plaintiff Todd G. Langley, and (3) the deposition of one fact witness, Ronald B. Allen, Sr., identified by Plaintiffs.

### B.      Deposition Noticed By Plaintiffs

UPS should also be awarded the costs of the deposition of Defendant Robert Mitchell noticed and taken by Plaintiffs. No distinction is made between depositions noticed by the prevailing party and those noticed by the opposing party. *Principe v. McDonalds Corp.*, 95 F.R.D. 34, 37 (E.D. Va. 1982). Furthermore, copies of transcripts from party depositions are taxable. *See Taxation of Costs* at § II.C.4.b.

### C.      Hearing Transcripts

The cost of obtaining a copy of hearing transcripts can be taxable as a cost necessarily incurred. *See Scallet v. Rosenblum*, 176 F.R.D. 522 (W.D. Va. 1997); *Sun Ship, Inc. v. Lehman*,

655 F.2d 1311, 1318 & n.49 (D.C. Cir. 1981). On November 22, 2002, Judge Grimm held a telephonic hearing regarding discovery issues. The rulings by Judge Grimm affected the ongoing management of the case, and a transcript was therefore necessarily obtained by UPS. A transcript also was necessary because Judge Grimm stated that he was not issuing a written order and the parties, accordingly, must order copies of the hearing transcript. (Transcript of 11/22/02 hearing at pp. 22-24, attached as Exhibit A); *see also Taxation of Costs* at § II.C.4.a ("The clerk may tax the cost of a trial or hearing transcript if . . . it was ordered or requested by a judge"). Furthermore, Judge Grimm ruled that Plaintiffs were required to pay for the court reporter's fee. *Id.* When a Magistrate Judge orders costs to be borne by one party, those costs are properly taxable by the clerk. *See Scallet*, 176 F.R.D. at 525.

### III. UPS Is Entitled To The Witness Fees, Service Fees, And Costs Of Travel For The Appearance Of Witnesses At Depositions.

Pursuant to 28 U.S.C. § 1920(3), statutory witness fees and mileage are taxable costs. All of the costs sought as witness fees were calculated accordingly and should be so awarded. Section II of UPS's Itemization of Costs lists the witness, Ronald B. Allen, Sr., subpoenaed by UPS to appear at deposition. The witness listed appeared and gave testimony under oath. Accordingly, the witness fee and costs should be taxed against Plaintiffs. *See Taxation of Costs* at § II.C.5.

### IV. UPS Is Entitled To Its Costs For Exemplification And Copies Of Papers.

The costs of reproducing documents for dispositive motions are typically recoverable. *Charter Medical Corp. v. Cardin*, 127 F.R.D. 111, 113-14 (D. Md. 1989). Photocopying costs are recoverable under 28 U.S.C. § 1920(4) to the extent copies were furnished to opposing counsel or the Court as exhibits or attachments to pleadings, correspondence, and other

documents tendered. *Id.*; *Independence Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 722 (N.D. Ill. 1982); *see also Taxation of Costs* at § II.C.6.a (clerk will tax cost of copies provided to the court as exhibits or served on opposing counsel). UPS is entitled to be reimbursed for the cost of copies of its motion for summary judgment, reply memorandum and exhibits in support thereof. Counsel for UPS prepared and copied in-house the memoranda and exhibits submitted to this Court. These costs are itemized in Section III of UPS's Itemization of Costs and should be taxed against Plaintiffs.

## V.  **Conclusion.**

Courts have not hesitated to award prevailing parties a substantial sum as costs where the costs were reasonable and necessary. UPS incurred only those costs that were necessary to effectively defend against the claims brought by Plaintiffs. UPS prevailed on Plaintiffs' claims under Title VII and for loss of consortium. The Clerk should, therefore, tax all costs set forth herein against Plaintiffs.

Respectfully Submitted,

_____/s/_____
Emmett F. McGee, Jr. (#08462)
Piper Rudnick LLP
6225 Smith Avenue
Baltimore, Maryland  21209-3600
(410) 580-3000
Facsimile (410) 580-3001

Attorneys for Defendant
United Parcel Service, Inc.

**Exhibit A**

```
           UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
                 SOUTHERN DIVISION

ROCHELLE A. LANGLEY, et al

          Plaintiffs

vs.                              MJG 02-CV-1506

UNITED PARCEL SERVICE,
et al

          Defendants
_____/


          A hearing was held via telephone in
reference to the above-entitled matter on Friday,
November 22, 2002, before the Honorable Judge Paul
Grimm.


APPEARANCES:

          WILLIAM HOWARD, ESQUIRE
              On behalf of the Plaintiff

          CHARLES J. WARE, ESQUIRE
              On behalf of Defendant Mitchell

          EMMETT F. MCGEE, ESQUIRE
              On behalf of Defendant UPS


REPORTED BY:  Paula J. Eliopoulos
```

1  the day after the discovery deadline passed.

2         That has been opposed by Mr. Mitchell in a

3  opposition filed on his behalf by Mr. Ware on October

4  11th, of 2002.

5         And in addition to that, Mr. Mitchell

6  through Mr. Ware, has filed a counter Motion to Compel

7  Discovery and for sanctions against the Plaintiffs.

8         The United Parcel Service through Mr.

9  McGee has filed a paper on October 15th essentially

10 clarifying some of the positions with regard to

11 various communications referred to in the briefings of

12 the other party.  The Plaintiffs have filed an

13 opposition to Mr. Ware's Motion to Strike their Motion

14 and Counter Motion.

15        Now, other than what I just summarized,

16 are there any other discovery disputes that need to be

17 resolved at this time, counsel?

18        MR. HOWARD:  Not from the Plaintiff's

19 standpoint, Your Honor.  This is Bill Howard for the

20 Plaintiff.

21        JUDGE GRIMM:  Mr. McGee, you don't have --

1  to Modify the Scheduling Order, excuse me, it was

2  indeed filed a day after the closing of the discovery

3  deadline which was October 3rd.

4      And if I did not misread, it states that

5  as of that date the Plaintiff had not provided any

6  discovery to either Defendant UPS or Mr. Mitchell.

7      MR. HOWARD:  Your Honor, since those

8  documents went back and forth, Answers to

9  Interrogatories have been suppled.

10     JUDGE GRIMM:  Hold on.  Let's answer first

11 the questions that I ask you and not give me an answer

12 to a question that I haven't asked.

13     The question was:  Was it not true that

14 the Motion to Modify the Schedule was filed a day

15 after the discovery deadline?

16     MR. HOWARD:  I believe that's correct.

17     JUDGE GRIMM:  And as of that date, no

18 discovery had been provided by the Plaintiffs to

19 Defendants; is that correct.

20     MR. HOWARD:  I don't think that's

21 absolutely correct, Your Honor.  The Plaintiff has sat

1   served on either Mr. McGee or Mr. Ware; isn't that

2   correct.

3           MR. HOWARD:  That's correct.  Executed

4   Answers had not been filed.

5           JUDGE GRIMM:  Subsequent to that on the

6   18th, two weeks later, unexecuted Interrogatory

7   Answers were filed with United Parcel Service and it's

8   your recollection now that at some time after the 18th

9   of October unsworn Answers were filed with Mr. Ware;

10  is that correct?

11          MR. HOWARD:  Executed Answers were filed

12  upon the United Parcel Service Interrogatories.  They

13  were mailed out on the 18th of October.

14          JUDGE GRIMM:  What about Mr. Ware's?

15          MR. HOWARD:  I'm looking for the

16  certificate of service on Mr. Ware's.  It was shortly

17  after that.

18          Unfortunately, Your Honor, I'm looking for

19  the copy that I have in my file.  Bear with me here.

20          JUDGE GRIMM:  While you are looking.

21          Mr. Ware, have you received Answers to

1   with an individual who sat for extensive discovery.
2   She has psychiatric -- psychological, excuse me,
3   problems. And having her face her accuser in the
4   sense of the person who she alleges assaulted her has
5   not been an easy proposition for her.
6           And it just was my judgment, no one
7   else's, that we try to extend the time frame between
8   when she faced her -- Mr. Mitchell in these
9   depositions to when she had to face him again which --
10  and that, by the way, the only discovery that we
11  attend will be this deposition of Mr. Mitchell.
12          JUDGE GRIMM: You provided an answer, but
13  it's a lot of fizzle but not much stink as to why in
14  all the time that you filed this lawsuit you couldn't
15  have managed to note the depositions in such a
16  sequence that she could have had some break between
17  the time that she had seen him when she was deposed
18  herself to the time when he was deposed.
19          I'm still not sure that's a sufficient
20  cause, but, in any event.
21          What about, Mr. Ware, regardless of the

1  requests and document requests.
2          My Summary Judgment Motion that I filed
3  essentially was based on the depositions done of --
4          JUDGE GRIMM: The Plaintiffs.
5          MR. WARE: -- of the Plaintiffs and the
6  father, with no documents to speak of to use or
7  interrogatory answers to use.
8          Mr. McGee had received something before me
9  and, as always, he had what I thought was a fine
10 product.
11         But I was at a tremendous disadvantage to
12 dispense with this litigation at the summary judgement
13 which is what I would have liked to have done if I had
14 proper discovery.
15         And so the discovery that I did receive so
16 late, it was so tardy that to the extent that I was
17 able to go through what little he had, it was of so
18 little help to me in preparing my Motion for Summary
19 Judgment, there's been irreparable harm done if we go
20 to trial.
21         This was a case that I'm pretty sure

```
 1   until the 7th of the month, November.  Not October.
 2              MR. MCGEE:  But that would still, I think,
 3   make the deadline past.  This is Emmett McGee.
 4              JUDGE GRIMM:  You've got 14 days plus
 5   three.
 6              MR. HOWARD:  Your Honor, I have a draft.
 7   It's not going to get filed before tomorrow.
 8              MR. WARE:  Tomorrow is Saturday.
 9              MR. HOWARD:  Monday, excuse me.
10              JUDGE GRIMM:  Well, here's the deal.  All
11   right.
12              MR. MCGEE:  Your Honor, this is Emmett
13   McGee.  If I could just perhaps clarify one point and
14   it may not need clarification, but I wasn't clear on
15   it.
16              You, in the beginning of the conversation,
17   asked Mr. Howard if he had served any discovery
18   responses on, I think your question was on UPS or
19   Mr. Mitchell prior to the discovery deadline.
20              JUDGE GRIMM:  Right.
21              MR. MCGEE:  I just wasn't clear on the
```

```
 1   when I got the execution page and whether that was
 2   before or after the discovery deadline, but I did get
 3   unexecuted copies before the discovery deadline.
 4              JUDGE GRIMM:  Okay.  Let me tell you what
 5   my ruling is going to be.
 6              The situation in which we find ourselves
 7   now, this is Judge Grimm, is a classic example of why
 8   it is that parties ignore a discovery schedule at
 9   their own peril.
10              No response of discovery in any meaningful
11   fashion was provided to either UPS or Mitchell by the
12   Plaintiffs before the discovery cutoff.  Certainly not
13   within the 30 days required for Rule 33 and Rule 34
14   responses.
15              That meant that the Summary Judgment
16   deadline that was coming up in November required the
17   Defendants to move forward with their motions for
18   Summary Judgment based only on the depositions of the
19   Plaintiffs and any other information that they could
20   have gotten either from their own investigation or
21   produced through affidavits of their own witnesses.
```

```
 1   round of motions practice that would have to be
 2   resolved by the Court and creates further expense and
 3   delay as well.
 4              For the reason explained to me by
 5   Mr. Howard, although I don't doubt the sincerity of
 6   it, it's just simply not an adequate explanation.
 7              And it's not simply a matter of the
 8   obligation of the Plaintiffs to provide discovery to
 9   opposing counsel, but it's also the obligation to
10   provide it so that the briefing schedule and the
11   schedule of this Court can allow sufficient pretrial
12   resolution of claims to determine what claims have to
13   go to trial.
14              Now it's all inextricably intertwined and
15   folded back on each other and it's a mess.  That's
16   entirely the making of the Plaintiffs.
17              Here's what I'm going to do.
18              Number one:  The Plaintiffs have until
19   Monday to provide fully -- strike that, Wednesday.
20   Wednesday at close of business, to provide fully
21   executed, not draft, not unexecuted, Supplemental
```

```
 1   documents will actually be produced to them.
 2              Any document that is not produced by
 3   Wednesday close of business, then I will recommend to
 4   Judge Garvis under Rule 37B that it not be permitted
 5   at trial or by use by the Plaintiff in any opposition
 6   to a Motion for Summary Judgment.
 7              So there are no documents that exist that
 8   the Plaintiff can use if they haven't been fully
 9   disclosed by the close of business Wednesday to the
10   Defendants UPS and Mitchell.
11              In addition, whether or not the Summary
12   Judgment opposition filed by the Plaintiffs will be
13   received is entirely up to Judge Garvis and his
14   decision as to whether or not it was timely received
15   or not.
16              Next, because it is to the benefit of the
17   Court for its obligation to fairly resolve this case,
18   Mitchell's deposition may be scheduled and taken.
19              It will be limited to -- it will be set up
20   and scheduled so that it takes place within the next
21   30 days and it will be done at a time that is mutually
```

```
 1    oppose the Motion for Continuance of the Discovery
 2    Schedule and his counter brief.
 3              And I will -- and he will give me the cost
 4    and time spent on that.  He can do that in a letter
 5    that will not exceed three pages in length with any
 6    exhibits that he wants to have attached.
 7              Counsel for the Plaintiffs will have five
 8    business days to respond on the issue of the amount of
 9    the fees associated with that and that will be in a
10    letter format not to exceed three pages exclusive of
11    any exhibits.
12              And then, Mr. Ware, if you need to have an
13    additional three business days after that to provide
14    any reply, you may do so.
15              Then I will rule under Rule 37 as to the
16    amount of counsel fees that will be awarded in
17    connection with this Motion.  And I will decide that
18    when that has been fully briefed.
19              I want it real clear that any failure on
20    behalf of the Plaintiffs to comply with this order
21    fully and in the time stated -- there will be no
```

```
 1   McGee.  I didn't know whether you wanted to make any
 2   provision for the payment of court reporter's fees for
 3   today.
 4           JUDGE GRIMM:  Yes, absolutely.  Otherwise
 5   you're footing the bill on that.
 6           The court reporter's fee will be paid by
 7   the Plaintiffs as well.
 8           And, ma'am, you can submit that directly
 9   to the Plaintiff's counsel with a copy to me.  Let me
10   know if that does not get paid.  I'd appreciate that.
11           Those are the rulings.  We have the record
12   that has been prepared by -- that will be prepared by
13   the court reporter.
14           In the event that objections to my ruling
15   are filed with Judge Garvis, the deadlines imposed by
16   this ruling will not be stayed.
17           So they will be complied with.
18           Any other questions, counsel?
19           MR. HOWARD:  Will Your Honor's office be
20   issuing a written Order?
21           JUDGE GRIMM:  No, that's why we have the
```

```
 1   STATE OF MARYLAND

 2   CITY OF BALTIMORE:    ss

 3

 4

 5              I, Paula J. Eliopoulos, a Notary Public in

 6   and for the State of Maryland, Baltimore City, do

 7   hereby certify that the foregoing is a true and

 8   accurate transcript of the proceedings indicated.

 9              As witness, my hand and notarial seal this

10   25th day of November, 2002.

11

12                         _____

13                         Paula J. Eliopoulos

14                         Notary Public

15

16

17

18

19

20   My commission expires:

21   June 1, 2000
```