IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROCHELLE E. LANGLEY, *et al*          :
                                       :
v.                                     :   CIVIL ACTION NO.  MJG-02-1506
                                       :
UNITED PARCEL SERVICE INC. *et al*     :
                                       :
                              o0o

## **O R D E R**

On May 22, 2003 the Honorable Marvin J. Garbis granted Defendants' Motion for Summary Judgment and entered a Judgment in favor of Defendants and against Plaintiffs on all claims. (Paper Nos. 33 and 34).  On May 29, 2003,  Defendant, United Parcel Service, Inc., submitted its Bill of Costs pursuant to Local Rule 109.1.a of this Court in the amount of $2310.23, seeking taxation of costs associated with deposition costs, transcript fees, witness fees, and copywork. (Paper No. 35).

Plaintiff has not filed a response to the taxation motion. No hearing is needed to resolve basic taxation issues in this case. See Local Rule 105.6.  I shall address each cost request seriatim.

### **Deposition Costs**

To determine whether the deposition expenses are properly taxable, a judge may consider the extent of actual use of each deposition in cross-examination and otherwise and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking.  See Advance Business Systems & Supply Co. v. SCM Corporation, 287 F.Supp. 143, 165 (D.Md 1968).  While **a judge** may allow the cost of any deposition that is deemed to be "reasonably necessary to the party's case in light of the particular situation existing

at the time of the taking," the Clerk in this District traditionally has exercised a more limited authority.  The undersigned may, except in exceptional circumstances, allow the costs associated with deposing opposing parties, the cost associated with depositions that were actually used in connection with the event that terminated the litigation, and the cost associated with purchasing copies of depositions taken by opposing counsel.  A review of the court file and Defendant's dispositive motion reveals that Ronald Brickers Allen, Sr. was not a party to the proceedings, nor was his deposition relied on in Defendant's Motion for Summary Judgment.  Accordingly, costs associated with his deposition has been denied in its entirety.

Additionally, the undersigned observes that the maximum page rate at which a **copy** of a transcript will be taxed is $1.25 per page.  Moreover fees associated with delivery, handling, copies of deposition exhibits, and signing fees are not recoverable.  In light of the foregoing and having reviewed the pleadings filed in this case, the undersigned will grant deposition costs as follows:

| | | |
|---|---|---|
| a.. Robert E. Mitchell | 99 pages at $1.25 | $123.75 |
| b. Rochelle A. Langley | 184 pages at $3.15 | $579.60 |
| Vol. II | 239 pages at $3.15 | $752.85 |
| c. T. Langley | 51 pages at $3.15 | $160.65 |
| Total Allowable Deposition Costs: | | $1616.85 |

### Transcript Costs

Defendant has requested the amount of $65.00 for a copy of the transcript of the November 22, 2002 telephone hearing conducted by Magistrate Judge Paul Grimm.

The Clerk does not ordinarily tax the costs of any transcript except the Court's copy, and then only when the transcript has been specifically requested or approved by a judge.  Mere

acceptance of the Court does not constitute a request or approval of a judge.  The Court's copy of the transcript may also be taxed by the Clerk when prepared pursuant to a stipulation of the parties with agreement to tax as costs or when used on appeal.  While Judge Grimm directed that the cost of preparation of the transcript of the telephone hearing be born by Plaintiff, because (1) there is no information before the undersigned that the transcript prepared was the Court's copy; (2) the parties did not stipulate to the preparation of the transcripts for taxation purposes; and (3) there is no allegation that these transcripts were utilized on appeal, this transcript cost request shall be denied.[1]

### Witness Fees

Defendant has requested $55.33 in fees associated with the deposition of Ronald Allen, Sr. Fees and expenses paid to deponents are not allowed when the cost of the deposition is not taxed.  The deposition of Ronald Allen, Sr. has not been taxed as a permissible expense. Accordingly, the witness fees associated with his deposition shall also be disallowed.

### General Copywork Costs

Defendant seeks $112.40 in copywork fees.  Copying fees are recoverable if the papers were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Fees to duplicate documents used at trial and copies furnished to the court and opposing counsel are recoverable.  See Board of Directors, Water's Edge v. Anden Group, 135 F.R.D. 129, 138-139 (E.D. Va. 1991); Charter Med. Corp., 127 F.R.D. at 114. Copies made solely for the convenience of counsel are not ordinarily allowed. See Thomas v. Treasury Management Ass'n, Inc., 158 F.R.D. 364, 372 (D. Md. 1994).  The Clerk has reviewed the aforementioned taxation request and shall allow said item in part.  The

---

[1] Defendant is free to seek review of this decision under Fed. R. Civ. P. 54(d).

defendant shall only be awarded exemplification costs for providing counsel, as well as this Court, one copy of the aforementioned pleadings and exhibits.  *See* Local Rule 105.1.[2]  Accordingly, the item has been reduced by one half and is taxed in the amount of $56.20.

### Summary

Accordingly, costs are awarded to Defendant United Parcel Service, Inc. in the amount of $1673.05 and otherwise denied.

Dated this   15th   day of   July  , 2003.

                                    /s/
                            Frances E. Kessler, Deputy Clerk
                    For:    Felicia Cannon
                            Clerk of the Court
                            United States District Court for
                            the District of Maryland

---

[2]   Effective July 1, 2001, parties are only required to file one, not two, copies of motions and memoranda with the court, except that two copies of discovery motions and memoranda are to be filed.  Defendant has requested reimbursement for four copies of the Motion for Summary Judgement and Reply in Support of Motion for Summary Judgment.  Defendant is not entitled to reimbursement for their own copy or for the original document.